UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARIE DUGAS and                         CIVIL ACTION NO. 6:12-CV-02885
KRYSTAL DORSEY

VERSUS                                  JUDGE HAIK

MERCEDES-BENZ USA, LLC and              MAGISTRATE JUDGE HANNA
MOSS MOTORS

**RULING ON MOTION**

Currently pending before the Court is the motion to compel (Rec. Doc. 58), which was filed by defendant Mercedes-Benz USA, LLC ("MB"). For the reasons set forth below, the motion is granted in part and denied in part.

This is a class action lawsuit, in which the plaintiffs seek to represent persons who purchased Mercedes-Benz vehicles containing either of two allegedly defective engines. The plaintiffs sued both MB and Moss Motors. Moss Motors was previously dismissed from the suit. MB now seeks to compel the plaintiffs to provide more complete responses to discovery. In support of its motion, MB makes three arguments, each of which will be considered in turn.

First, MB argues that even though defendant Moss Motors has been dismissed from this lawsuit, the plaintiffs must answer the discovery propounded by Moss Motors while it was a party to the suit. Fed. R. Civ. P. 37(a)(3)(B) states that "[a]

party seeking discovery may move for an order compelling an answer. . . ." Thus, only the party that propounded the discovery may seek to compel a response. In this case, MB fails to explain how it has standing to seek to compel responses to discovery propounded by another party, especially now that the propounding party has been dismissed from the suit. MB offers no statutory or Fifth Circuit authority in support of its argument. It relies in large part on an unreported district court case from Kansas styled *Heartland Surgical Specialty Hosp., L.L.C. v. Midwest Div., Inc.*, 2007 WL 1112525, at *3 (D. Kan. Apr. 11, 2007). There, the court actually found that the subject subpoenas that the parties remaining in the lawsuit were seeking to enforce were not issued solely by the party that had been dismissed from the suit but were actually issued on behalf of other parties who remained in the litigation. Because it found that the "subpoenas. . . were issued on behalf of all Defendants," they were "still viable notwithstanding the fact that [the nominally issuing defendant] has now been dismissed as a party in the case."[1] Therefore, the situation presented in *Heartland* is not the same as that of this case, in which it is clear that the discovery propounded by Moss Motors was not also propounded on behalf of MB even though MB now seeks to compel the plaintiffs to respond.

---

[1] *Heartland Surgical Specialty Hosp., L.L.C. v. Midwest Div., Inc.*, 2007 WL 1112525, at *4 (D. Kan. Apr. 11, 2007).

Presented with no authority contrary to the cited rule, the undersigned finds that the plaintiffs are not required to respond to a party's discovery requests after that party has been dismissed from the lawsuit and that MB cannot compel responses to discovery it did not propound. Accordingly, to the extent that MB seeks to compel responses to discovery propounded by Moss Motors, the motion is denied.

MB's second argument is that the plaintiffs provided incomplete responses to MB's Interrogatory No. 3 and Interrogatory No. 4. MB now seeks to have the Court compel more complete responses from the plaintiffs.

Interrogatory No. 3 asks the plaintiffs to state the factual basis for their contention that the claims of the proposed class representatives share common factual ground with the claims asserted on behalf of the putative class members, to state the factual basis for their contention that the claims of the proposed class representatives are typical of the claims asserted on behalf of the putative class members, to state the factual basis for their contention that all class members were comparably injured, and to describe the damages common to all potential class members. In addition to interposing certain objections, the plaintiffs responded to this interrogatory by stating that their complaint asserts a claim on behalf of owners of the vehicles described in the complaint, which they allege all have the same redhibitory defect. More particularly, they explain that they have asserted claims on behalf of the owners of

vehicles with M272 and M273 engines and that they allege that these engines had design or manufacturing defects causing the engines to wear out prematurely, requiring that the balance shaft gears in the M272 engines or the idle gear in the M273 engines be repaired or replaced. The amended complaint (Rec. Doc. 1-2 at 15) alleges that the plaintiffs' vehicle contained an M272 engine. The undersigned finds that the plaintiff's response to Interrogatory No. 3 adequately articulates a factual basis for the commonality and typicality allegations of the plaintiffs' complaint. Accordingly, the motion will be denied with regard to MB's Interrogatory No. 3.

Interrogatory No. 4 requests that the plaintiffs identify the relevant vehicle and engine for each proposed class representative and putative class member and provide information concerning the purchase, warranty, mileage, and repair of each vehicle, all of which goes to the issue of whether the damages sustained by the proposed class representatives is common to and typical of that sustained by the putative class members. The plaintiffs objected to this interrogatory on the basis that it is premature since discovery remains ongoing and because the interrogatory actually seeks discovery from putative class members who are not considered parties to the suit, while the requested information regarding the plaintiffs has previously been provided in response to prior discovery requests. The undersigned finds that, for the sake of clarity, the specific information sought in this interrogatory should be provided by the

plaintiffs as to their vehicle in response to this interrogatory even if it was provided in response to a prior discovery request. However, the undersigned further finds that the detailed information concerning the vehicles owned by each of the putative class members need not be provided by the plaintiffs at this time. In response to Interrogatory No. 3, the plaintiffs explained that all of the putative class members are alleged to have owned vehicles with certain engines containing design or manufacturing defects that resulted in untimely repair or replacement of certain engine parts. Thus, the type of damages allegedly sustained by each putative class member has been sufficiently articulated. More precise information concerning each individual class member's vehicle can be provided later as discovery progresses. Accordingly, the motion to compel is granted with regard to MB's Interrogatory No. 4 as it relates to the named plaintiffs but denied as it relates to the other putative class members.

MB's third argument is that the plaintiffs should be compelled to verify their responses to MB's discovery requests. At the status conference of October 17, 2013, the undersigned "reminded counsel that discovery responses must be verified under oath." (Rec. Doc. 51 at 1). Now, for the second time, the undersigned again cautions that verification of discovery responses is required by Fed. R. Civ. P. 33(b)(3) and notes that a further violation of that requirement will not be tolerated. Accordingly,

to the extent that MB's motion seeks to compel the plaintiffs to verify their responses to MB's discovery, the motion is granted.

Finally, MB seeks to recover the costs and attorneys' fees it incurred in bringing this motion to compel. If the motion had been granted in full, the undersigned would be required by Fed. R. Civ. P. 37(a)(5)(A) to award reasonable expenses, including attorneys' fees, to the moving party. Having granted the motion in part and denied it in part, however, such an award is not mandatory. Instead, the undersigned is authorized by Fed. R. Civ. P. 37(a)(5)(C) to apportion the reasonable expenses of the motion in his discretion. In this case, there is no compelling reason for the imposition of such an award. Therefore, to the extent MB's motions seeks the recovery of costs, expenses, or attorneys' fees, the motion is denied.

Accordingly,

IT IS ORDERED that the pending motion to compel (Rec. Doc. 58) is GRANTED IN PART and DENIED IN PART. More particularly,

IT IS ORDERED that the motion is denied to the extent that MB seeks to require the plaintiffs to respond to discovery propounded by Moss Motors;

IT IS FURTHER ORDERED that the motion is denied with regard to MB's request that the plaintiffs provide more complete responses to MB's Interrogatory No. 3;

IT IS FURTHER ORDERED that the motion is denied with regard to MB's request that the plaintiffs provide more complete responses to MB's Interrogatory No. 4 except that the plaintiffs are ordered to supplement their response to Interrogatory No. 4 with regard to their own vehicle and to do so not more than fourteen days after the date of this ruling;

IT IS FURTHER ORDERED that the plaintiffs shall verify their responses to all of MB's discovery requests that have not yet been verified; and

IT IS FURTHER ORDERED that MB's request for expenses and attorneys' fees is DENIED.

Signed at Lafayette, Louisiana, this 3rd day of February 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE