UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARIE DUGAS, ET AL.** | **CIVIL ACTION NO. 12-2885** |
| **VERSUS** | **JUDGE RICHARD T. HAIK** |
| **MERCEDES-BENZ USA, L.L.C., ET AL.** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL "REPAIR KIT" INFORMATION

This discovery dispute is caused by two things:

(1) MBUSA's failure to produce documents requested of it (twice); and

(2) MBUSA's counsel's inappropriate interference with discovery issued to licensed Mercedes-Benz dealers, requesting essentially the same information requested of MBUSA.  (A separate Motion to Compel against those dealers is being filed today as well.)

As shown below, Plaintiffs are entitled to this information, and this court has the authority to order its production.  As a result, the Motion to compel should be granted.

Plaintiffs requested information about the repair kits sold to licensed Mercedes-Benz dealers in Louisiana used to repair M272 engines. This information will likely bear on numerosity, typicality and commonality for the class certification decision.  In late 2013, plaintiffs issued this discovery request:

**INTERROGATORY NO. 9:**

With respect to the part number (and/or any part number that supersedes the part numbers listed below) listed below, please set forth the quantity of parts sold to authorized Mercedes Benz dealers in the State of Louisiana from August 2007 through present. Please specify the name of the dealer, the number of each part and the dates of sale.

Part Number

A272 051 01 77

A019 997 37 45

A000 466 18 80

A272 050 08 11

A272 030 00 13

A272 030 01 13

A272 030 02 13

A272 030 03 13

On December 23, 2013, MBUSA counsel responded:

> Subject to and without waiving the foregoing general and specific objections, and based on its understanding of the interrogatory, MBUSA responds as follows: MBUSA will produce relevant information relating to part numbers A272 030 00 13, A272 030 01 13, and A272 030 02 13 sold to authorized Mercedes-Benz dealerships in Louisiana from August 2007 to the present upon entry of a satisfactory protective order.

MBUSA never did produce the documents.

Given the history of MBUSA in this matter, plaintiffs frankly did not trust MBUSA would produce accurate records so plaintiffs requested the same information from Merecedes-Benz dealers via a subpoena duces tecum, as well

as requesting the same information (again) from MBUSA in a request for production of documents in May 2014. In both requests, plaintiffs sought the following from MBUSA and the dealers:

**REQUEST FOR PRODCUTION NO. 2:**

Produce any and all repair orders and/or part orders regarding any and all of the following part numbers:

A272 030 26 72
A272 030 27 72
A272 030 28 72
A273 050 06 05
A272 051 01 77
A272 030 00 13
A272 030 01 13
A272 030 02 13

In an egregious effort to prevent plaintiffs' receipt of the information from the dealers, MBUSA counsel contacted those dealers and encouraged the dealers to not respond to the subpoena. MBUSA counsel provided form objections to the dealers to make, identical to the objections that MBUSA made (even though the subpoenas were not issued to it).

Two of the five dealers refused to go along with MBUSA's ploy and responded to the subpoena. Three dealers did not.

Putting aside, for a moment, MBUSA counsel's egregious conduct in interfering with the discovery process, the discovery responses are due, nevertheless, from MBUSA. On December 23, 2013, MBUSA said it would produce information "relating to part number A272 030 00 13, A272 030 01 13, and A 272 030 02 13 sold to authorized Mercedes-Benz dealerships in Louisiana from August 2007 to the present . . ." Further, that same information was requested in May 2014 and in a June 11, 2014 letter to this Court, MBUSA said it

would produce some of the information requested. But MBUSA only produced information about parts A272 030 28 72 on June 19, 2014.

Since there is little question that the information is relevant, discoverable, and been requested on two separate occasions and MBUSA has stated that it would produce the information as many times, MBUSA will likely argue that the discovery deadline of June 9, 2014 is passed and any Motion to Compel is untimely.  That is not the case.

Discovery matters are left to the sole discretion and sound discretion of the court.  *Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir.2003); *Williamson v. U.S. Dep't of Agric.,* 815 F.2d at 382; *Mayo v. Tri–Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir.1986) (same). *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).  It is the Court's Order, not the parties, and the Court has the authority and power to control discovery, and cure abuses in the process, as it deems appropriate.  It also has the power and discretion to interpret its own scheduling order to determine when a motion to compel discovery must be made.

Further, Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides no deadline for the filing of such motions. Further, courts have considered a number of factors when deciding whether a motion to compel is untimely, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the

tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.

*See Days Inn Worldwide, Inc.,* 237 F.R.D. at 398; *see also Turnage v. Gen. Elec.,* 953 F.2d 206, 209 (5th Cir.1992); *Olivas v. U.S. Steel Corp.,* 2:11-CV-307-JRG, 2012 WL 5270136 (E.D. Tex. Oct. 24, 2012)

Other than providing information that could be harmful to it in opposing class certification, MBUSA can provide no reason why it should not be compelled to produce the twice-requested documents. Indeed, had MBUSA produced the documents it said it was going to produce (twice), this Motion to Compel would not be necessary and the dealers would not be subject to the accompanying Motion to Compel. MBUSA had an opportunity, which it failed to take advantage of to prevent this Motion when it did not respond as required on June 19, 2014. There is no disruption of the Court's schedule. The Scheduling Order had no deadlines for dispositive motions, other than class certification (which Plaintiffs timely complied with by filing their motion and memorandum on June 23, 2014.) Any delay in filing the Motion after the discovery cut-off was due to an effort to obtain this information from the dealers and MBUSA. Since those efforts failed after June 9, 2014, this Motion to compel is necessary.

RESPECTFULLY SUBMITTED:

_____
JOHN RANDALL WHALEY (#25930)
WHALEY LAW FIRM
3112 Valley Creek Drive, Suite D
Baton Rouge, LA  70898
Phone:  225-302-8810
Facsimile: 225-302-8814
E-mail: jrwhaley@whaleylaw.com

KEVIN R. DUCK (23043)
DUCK LAW FIRM. L.L.C.
5040 Ambassador Caffery Pkwy.
Suite 200
Lafayette, LA 70508
Phone: 337-406-1144
E-mail: krd@ducklawfirm.com

### Certificate of Service

On July 7, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Louisiana, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

_____
J.R. WHALEY