UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARIE DUGAS and                       CIVIL ACTION NO. 6:12-CV-02885
KRYSTAL DORSEY

VERSUS                                JUDGE HAIK

MERCEDES-BENZ USA, LLC                MAGISTRATE JUDGE HANNA
ET AL.

## RULING  ON  MOTION

Currently pending before the Court are two motions to compel (Rec. Doc. 102 and 111), which were filed by the plaintiffs, Marie Dugas and Krystal Dorsey, and a motion to enforce the scheduling order (Rec. Doc. 104), which was filed by defendant Mercedes-Benz USA, LLC ("MBUSA").  For the reasons set forth below, the motion to enforce the scheduling order will be denied, and both motions to compel will be granted.

This is a class action lawsuit, in which the plaintiffs seek to represent persons who purchased Mercedes-Benz vehicles containing either of two allegedly defective engines.  The plaintiffs sued both MBUSA and Moss Motors.  Moss Motors was previously dismissed from the suit.  The plaintiffs have filed a motion to certify a class, but that motion has not yet been ruled upon.

## MOTION TO ENFORCE THE SCHEDULING ORDER

In opposition to the plaintiffs' motions to compel and in support of its motion to enforce the scheduling order (Rec. Doc. 104), MBUSA takes the position that June 9, 2014 was the cut-off date for all fact discovery in this action and seeks to (a) quash all fact discovery requests that were served less than thirty days before the cut-off date and (b) strike all motions to compel filed thereafter. The undersigned finds this position to be uncooperative and unreasonable at this early stage of the litigation. To avoid similar disputes from developing in the future, the motion to enforce the scheduling order will be denied, the fact discovery deadline established in the scheduling order will be vacated, and fact discovery will remain permissible until the court sets a new cut-off date.

## MOTION TO COMPEL MBUSA'S CORPORATE DEPOSITION

In their first motion to compel (Rec. Doc. 102), the plaintiffs contend that their efforts to depose MBUSA's corporate representative were thwarted. The plaintiffs issued a Rule 30(b)(6) deposition notice that was served on MBUSA on July 27, 2013. (Rec. Doc. 102-3). The notice includes a list of topic areas to be covered during the deposition and a list of documents requested to be produced. The document production was set for a date about a week prior to the corporate deposition.

MBUSA identified the persons having the most knowledge about the subject areas on the deposition notice as Dan Edwards, Theodore Vaughan, and Lars Andersson.  Mr. Andersson was designated as MBUSA's 30(b)(6) representative. Mr. Edwards and Mr. Vaughan were deposed on February 27, 2014 and Mr. Andersson was deposed the next day.  The depositions were conducted in Montvale, New Jersey.  On several topics, the witnesses stated that they had no knowledge and that information would have to come from Daimler in Germany.   After the depositions, the plaintiffs wrote to MBUSA, identified the perceived shortcomings in the deposition testimony, and requested that additional corporate representatives be made available for deposition.  MBUSA refused, and this motion to compel followed.

The plaintiffs complain, first, that MBUSA's corporate representatives limited their answers to their own personal knowledge, in particular contending that MBUSA does not have information that its parent company Daimler AG might have.  The plaintiffs' second complaint is that these deponents did not properly prepare for their depositions.  The plaintiffs seek another corporate deposition and recovery of the expenses that will be incurred by their counsel in traveling to New Jersey for the additional deposition.

MBUSA's response to the motion is (a) that it was filed after the discovery cut-off date and should, therefore, be denied; (b) that the plaintiffs are seeking to depose MBUSA on topics not previously identified; (c) that the deponents gave full and accurate responses to the questions asked; and (d) that MBUSA does not have all of the information sought by the plaintiffs because it is the warrantor and distributor of the subject vehicles but not the manufacturer.  MBUSA also argues that Messrs. Edwards, Vaughan, and Andersson were identified as witnesses in their personal capacities and that Mr. Andersson was also designated as the corporate representative with regard to the first two topics listed in the deposition notice.  MBUSA contends that it did not designate a corporate representative with regard to the third deposition topic, but addressed that topic in writing in December 2013.  MBUSA contends that the plaintiffs requested dates for deposing MBUSA employees Eric Wendell and Darek Okoniewski but never scheduled the depositions.  MBUSA seeks to recover the fees and costs incurred in opposing the motion.

At oral argument, the plaintiffs clarified their position with regard to this motion.  They seek an opportunity to depose a fully-prepared corporate representative of MBUSA with regard to the topics identified in Section A(5) of the "scope of deposition" on page 6 of the corporate deposition notice.  (Rec. Doc. 102-3 at 6). They also seek production of any documents responsive to the requests for production

listed in the corporate deposition notice that have not yet been produced, particularly any documents that may originate with MBUSA's parent corporation, Daimler.

MBUSA's timeliness argument mirrors its argument that the scheduling order's fact discovery deadline should be enforced.   Since the undersigned has already decided that the fact discovery deadline will be vacated, this argument lacks merit.

The undersigned finds that the information requested in the deposition notice – both in the section listing the topics for discussion at the corporate deposition and in the section requesting the production of documents in connection with the corporate deposition – is reasonably calculated to lead to the discovery of admissible evidence as is required by Fed. R. Civ. P. 26.

Fed. R. Civ. P. 30(b)(6) requires a person designated as a corporation's representative at a deposition to "testify about information known or reasonably available to the organization."  The parties did not submit the entire deposition transcripts along with their briefing.  Therefore, the undersigned is unable to evaluate the adequacy of the deponents' answers to the questions regarding all of the sub-categories listed on the deposition notice.  However, as noted above, the undersigned finds that all of the subject areas listed in the deposition notice are reasonably calculated to lead to the discovery of admissible evidence.  The undersigned also finds that, with regard to at least some of the questions asked at MBUSA's corporate

deposition concerning the subject matter designated in the deposition notice as Topic (A)(5), i.e., "[a]ll data, testing, analysis, statistical data, reporting history that was collected to access, analyze, test and/or determine the reason(s) and/or cause(s) for the failure of the part(s) identified in the bulleting," the answers provided by MBUSA's corporate representative were evasive and/or incomplete.

Under Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Therefore, having found that MBUSA's designee failed to respond to the questions asked concerning Topic (A)(5), the plaintiffs' motion to compel will be granted with regard to all of Topic (A), and MBUSA will be ordered to designate a corporate representative to be deposed in the near future with regard to that topic.

Upon granting a motion to compel, the court has discretion under Fed. R. Civ. P. 37(a)(5)(A) to impose sanctions.  In this case, the undersigned finds that MBUSA's failure to answer the questions fully was not substantially justified and that an award of sanctions would be just.  Therefore, MBUSA will be ordered to pay the reasonable attorneys' fees and costs incurred by the plaintiffs in bringing this motion and in taking an additional corporate deposition.

Under Fed. R. Civ. P. 34(a), a party is required to respond to a request for the production of documents by producing all responsive documents "in the responding

party's possession, custody, or control."  The issue presented, therefore, is whether any documents that Daimler might have that are responsive to the plaintiffs' discovery requests are within MBUSA's control even if they are not in MBUSA's possession or custody.  As noted by another court in this circuit, "[n]either the Federal Rules of Civil Procedure nor the Fifth Circuit offer clear, definitive guidance as to the appropriate definition of control."[1]  It is clear, however, that "the nature of the relationship between the party and nonparty corporation is the key" to determining the sufficiency of control for purposes of Rule 34.[2]  "[E]ven if a party does not have actual possession of requested documents, he can be compelled to produce them if he has 'control' of them – that is, the right or ready ability to obtain possession."[3]  This standard does not require that the party have control over the operations of the nonparty, only that it have either the right to obtain possession of the documents or the ready ability to obtain possession of the documents.  However, a close

---

[1]      *Goh v. Baldor Electric Co.*, 1999 WL 20943, at *2 (N.D. Tex. Jan. 13, 1999).

[2]      *Goh v. Baldor Electric Co.*, 1999 WL 20943, at *2, citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129-30 (D. Del. 1986).

[3]      *Ferber v. Sharp Electronics Corp.*, 1984 WL 912479, at *1 (S.D. N.Y. Nov. 28, 1984).  See, also, *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-CV-3778, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011), ("'Control' does not require that a party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit."); *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997).

relationship between the corporate entities might indicate that such control over documents exists.

> Courts focus upon the nature of the relationship between a corporate party and its affiliate to determine whether the information sought from a corporate party's affiliate is in the party's custody and control.  Among the factors used by courts to determine whether one corporation may be deemed under control of another corporation are:  (a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business, (d) any benefit or involvement of the nonparty corporation in the transaction, and (e) involvement of the non-party corporation in the litigation. Courts applying these factors have ordered the production of documents from a litigating parent corporation's subsidiary, from a litigating subsidiary corporation's parent, and from a litigating corporation's sister corporation.[4]

In summary, a review of the factual circumstances must be made to determine whether "a sufficiently intimate relationship between subsidiary and parent [exists] to justify disregarding the formal corporate separation for the limited purpose of civil discovery."[5]  The party seeking the production – the plaintiffs in this case – must bear

---

[4]     *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, 2011 WL 3418396, at *2 (internal citations omitted).

[5]     *Ferber v. Sharp Electronics Corp.*, 1984 WL 912479, at *2.

the burden of proving that the relationship establishes sufficient control to compel production of the documents sought.[6]

In this case, three of the cited factors weigh in favor of finding that MBUSA has control over Daimler's documents that are responsive to the plaintiffs' discovery requests:  there is a commonality of ownership of the two corporations, there has been an exchange of documents between the two corporations in the ordinary course of business, and the nonparty was involved in the "transaction" that led to this litigation.

First, it is undisputed that there is a commonality of ownership between the two corporations.  As the United States Supreme Court has recognized, MBUSA is a Daimler subsidiary, and also is Daimler's exclusive importer and distributor in the United States.[7]  In this lawsuit, MBUSA contends that MBUSA is not only the distributor of Daimler's products but also the warrantor of those products. (Rec. Doc. 109 at 21).  The Louisiana Supreme Court has held that an importer, distributor, and warrantor like MBUSA "[i]nsofar as the American consumer is concerned, . . . occupies the position of manufacturer."[8]  The commonality of ownership between

---

[6]      *Goh v. Baldor Electric Co.*, 1999 WL 20943, at *2; *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991); *United States v. Internat'l Union of Petro. & Indus. Wkrs.*, 870 F.2d 1450, 1452 (9th Cir. 1989).

[7]      *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 752 (2014).

[8]      *Media Prod. Consultants, Inc. v. Mercedes-Benz of N. Am., Inc.*, 262 La. 80, 89, 262 So. 2d 377, 380 (1972).

MBUSA and Daimler weighs in favor of concluding that MBUSA has control over relevant documents in Daimler's possession.

Second, the record contains evidence of an exchange of documents between the two corporations in the ordinary course of business.  In particular, Daimler provided MBUSA with GI documents upon which the DTB pertaining to the allegedly defective balance shafts was based,[9] documents concerning vehicle specifications,[10] and documents necessary to discussions with counterparts in Germany.[11]  The record also establishes that there was e-mail correspondence between MBUSA employees and Daimler employees, as well as telephone communications, and visits by MBUSA employees to Daimler's place of business in Germany.  This factor weighs in favor of concluding that MBUSA has the ready ability to obtain documents from Daimler and, consequently, has control over relevant documents in Daimler's possession.

Third, there was involvement of the nonparty corporation in the transaction from which this lawsuit arose.  Daimler is the actual manufacturer of the vehicles that allegedly have defective balance shafts, and Daimler issued GI documents identifying a problem with the balance shafts, which led to MBUSA's issuing DTBs relating to

---

[9]     Rec. Doc. 102-7 at 12, Rec. Doc. 109-4 at 5-6, 11, 21, 44-45, 51.

[10]    Rec. Doc. 102-5 at 32-34.

[11]    Rec. Doc. 102-7 at 10-12.

the alleged defects.  A critical issue in this case is whether and, if so, why the balance shafts failed, and analysis of that issue is what led to the GI documents and the DTBs. For these reasons, Daimler, despite not being a party to the lawsuit, is involved in the lawsuit's factual background.  Therefore, this factor also supports a conclusion that MBUSA has control over relevant documents in Daimler's possession.

In its briefing, MBUSA relied on certain cases finding that corporate defendants lacked sufficient control to compel production of related corporations' documents.  But none of those cases presented a factual scenario more closely on point than did *Cooper Industries, Inc. v. British Aerospace, Inc.*  In that case, the lawsuit arose from fire damage to an airplane.  The plane was manufactured by a British company that was not a party to the suit.  The defendant in the lawsuit was a wholly-owned subsidiary of the British company and the distributor and servicer in the United States of the British company's airplanes.  The plaintiff sought the discovery of documents that the defendant asserted were not in its possession, but the court noted that "[d]ocuments need not be in the possession of a party to be discoverable, they need only be in its custody or control."[12]  The court also noted that "[t]he fact that the documents are situated in a foreign country does not bar their

---

[12]     *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919 (1984).

discovery."[13]  The court found that the documents sought by the plaintiff related to the planes that the defendant worked with every day and concluded that "it is inconceivable that defendant would not have access to these documents and the ability to obtain then for its usual business."[14]

The facts presented in *Cooper* are remarkably similar to those presented here. MBUSA, the defendant in the lawsuit, is a subsidiary of the German parent company, Daimler, as well as the exclusive distributor and warrantor of Daimler's products in the United States.  The documents requested by the plaintiffs relate to the automobiles that the defendant deals with every day and, significantly, relate to the defendant's role as the exclusive warrantor of the vehicles in the United States.  Given these particular facts, and because three of the relevant factors reviewed above weigh in favor of concluding that MBUSA has control over relevant Daimler documents, the undersigned finds that MBUSA has the necessary control over documents possessed by Daimler so that MBUSA must produce the documents requested in the corporate deposition notice if the documents are found either in MBUSA's possession or in the possession of Daimler.  Accordingly, the motion to compel will be granted.

---

[13]     *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. at 920.

[14]     *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. at 920-21.

## MOTION TO COMPEL "REPAIR KIT" INFORMATION

In their second motion to compel (Rec. Doc. 111), the plaintiffs contend that MBUSA has failed to produce documents requested twice and that it has interfered with discovery issued by the plaintiffs to MBUSA dealers. The information sought has to do with repair kits sold to licensed Mercedes dealers in Louisiana to be used in repairing M272 engines. Such information was requested by the plaintiffs in Interrogatory No. 9, which was responded to by MBUSA on December 23, 2013. The interrogatory requests the number of parts, bearing eight listed parts numbers, that were sold to authorized MBUSA dealers in the state of Louisiana from August 2007 forward. The plaintiffs contend that, although MBUSA said it would produce the documents relating to three of the parts numbers, no such documents were produced. The plaintiffs requested the same information from MBUSA dealers and again requested the same information from MBUSA in its Request for Production No. 2, issued in May 2014, which requested the production of repair orders and part orders relating to eight parts numbers. The plaintiffs allege that MBUSA only produced information concerning one parts number. The plaintiffs also allege that MBUSA contacted the dealers, encouraged them not to respond, and provided them with objections to make in response to the subpoenas. The plaintiffs contend that five dealers were subpoenaed, two of which responded and three of which did not.

MBUSA contends that it did not interfere with the subpoenas issued to the MBUSA dealerships, and argues, first, that the relevant document request was untimely and, second, that it has responded appropriately to the document request because it is limited temporally.

MBUSA's argument that the document requests were untimely mirrors its argument that the scheduling order's fact discovery deadline should be enforced. Because the undersigned has already decided that the fact discovery deadline will be vacated, this argument lacks merit.

MBUSA's second argument is that the district judge previously ruled that any plaintiff class certified in this case will exclude persons who found out about alleged defects in their vehicles more than one year before the plaintiffs' complaint was amended to make this a class action; therefore, MBUSA contends that it need only produce documents dating back to November 13, 2011.  This argument lacks merit. Although the district court did make statements concerning prescription and the relationship of prescription with the composition of the plaintiff class, no class has yet been certified and no order has been entered limiting discovery to a particular time frame.  The undersigned finds that the plaintiffs' discovery requests identified in this motion to compel, i.e., Interrogatory No. 9 and Request for Production No. 2, are reasonably calculated to lead to the discovery of admissible evidence, as required

-14-

by Fed. R. Civ. P. 26, and are not temporally limited as suggested by MBUSA. Therefore, MBUSA will be ordered to respond to the discovery requests in accordance with the time frame stated in the requests.

Finally, the plaintiff argues that MBUSA interfered with subpoenas propounded on five MBUSA dealerships in Louisiana, while MBUSA maintains that it discussed the subpoenas with the dealerships but did not interfere with the discovery process. There is no motion currently before the court seeking to compel the dealerships to respond to the subpoenas, and there may be an issue concerning whether MBUSA has standing to object to the subpoenas on behalf of the dealerships. A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.[15]   Therefore, a motion to quash or a motion for protective order should

_____

[15]     *Keybank Nat'l Assoc. v. Perkins Rowe Associates,* L.L.C., No. 09-407-JJB-SR, 2011 WL 338470, *2 (M.D. La. Jan. 31, 2011); *Hoover v. Florida Hydro, Inc.*, No. 07-1100, 2008 WL 4467661, *3 (E.D. La. Oct. 1, 2008). See *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege); *Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-4371-EEF-SS, 2009 WL 1507353, *2 (E.D. La. May 28, 2009) (stating that a party has standing to object to a subpoena directed to a nonparty if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it); *Old Towne Dev. Grp., L.L.C. v. Matthews*, No. 09-224-B-M2, 2009 WL 2021723, *1 (M.D. La. July 9, 2009) (finding that plaintiff's personal interest in the confidentiality of bank records was sufficient to confer standing); *Terwillegar v. Offshore Energy Servs., Inc.,* No. 07-01376, 2008 WL 2277879, *1 (E.D. La. May 29, 2008) (same).

generally be filed by the person from whom the documents or things are requested.[16]

The undersigned notes this issue without deciding whether MBUSA does or does not

have standing to object to the subpoenas issued to the dealerships.

Accordingly,

IT IS ORDERED that the plaintiffs' first pending motion to compel (Rec. Doc.

102) is GRANTED, and more particularly,

IT IS ORDERED that MBUSA shall designate a corporate representative to be

deposed with regard to Item (A) on the corporate deposition notice, at a time and

place to be agreed upon by the parties, and at the cost and expense of MBUSA; and

IT IS ORDERED that MBUSA shall, within fourteen days after the date of this

order, produce any and all documents responsive to the requests for production set

forth in the corporate deposition notice regardless of whether the documents are in

its possession or in the possession of its parent company, Daimler AG; and

IT IS ORDERED that MBUSA shall reimburse the plaintiffs for the reasonable

attorneys' fees and costs incurred in bringing the motion to compel (Rec. Doc. 102)

and the reasonable attorneys' fees and costs incurred by the plaintiffs for attending

the additional corporate deposition permitted by this order.  Accordingly, not less

---

[16]     *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, *3, citing 9A Charles Alan Wright
& Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995).

than fourteen days after the additional corporate deposition, the plaintiffs shall file a motion for reimbursement of costs, attaching affidavits establishing the reasonable attorneys' fees and costs incurred, which will be decided in due course without oral argument.  MBUSA will be afforded seven days after the filing of the plaintiffs' motion to file an opposition memorandum, if appropriate; and

IT IS ORDERED that, to the extent that MBUSA's opposition to the motion to compel may be construed as including a motion for reimbursement of reasonable attorneys' fees and costs "for having to file an opposition" (Rec. Doc. 109 at 24), that motion is DENIED.

IT IS FURTHER ORDERED that the plaintiffs' second pending motion to compel (Rec. Doc. 111) is GRANTED, and MBUSA shall respond to the relevant discovery requests not later than fourteen days after the date of this order; and

IT IS ORDERED that MBUSA shall reimburse the plaintiffs for the reasonable attorneys' fees and costs incurred in bringing the motion to compel (Rec. Doc. 111). Accordingly, not less than fourteen days after the date of this order, the plaintiffs shall file a motion for reimbursement of costs, attaching affidavits establishing the reasonable attorneys' fees and costs incurred, which will be decided in due course without oral argument.  MBUSA will be afforded seven days after the filing of the plaintiffs' motion to file an opposition memorandum, if appropriate.

IT IS FURTHER ORDERED that the defendant's pending motion to enforce the scheduling order (Rec. Doc. 104) is DENIED; and

IT IS FURTHER ORDERED that the fact discovery cut-off date set forth in the scheduling order (Rec. Doc. 77) is VACATED, with all other dates and deadlines set forth in the scheduling order remaining the same.

Signed at Lafayette, Louisiana, this 5th day of August 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE