

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARIE DUGAS, ET AL | CIVIL ACTION 12-2885 |
| VERSUS | JUDGE HAIK |
| MERCEDES-BENZ USA, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is an appeal of certain portions of Magistrate Judge Hanna's Ruling (Doc. #124) and a Motion to Strike or Exclude Certain Parts of Plaintiff's Evidence Submitted in Support of Plaintiff's Motion to Certify Class (Doc. #148).

After full consideration of the objections to the Magistrate Judge's ruling on the motions to compel and motion to enforce scheduling order, as well as the response filed by the plaintiffs, the Court finds the Ruling of the Magistrate Judge is correct and the appeal of same is **DENIED**. The ruling and reasons in support set forth by the Magistrate Judge are sound in accordance with the law. This Court is a firm believer in fair play by all parties in the pursuit of the truth, and the Magistrate Judge's ruling is in step with that thinking.

The Motion to Strike seeks to exclude the following:

1. Dealer Technical Bulletins (DTBs)

2. The testimony of Dan Delaney

3. MBUSA emails

4. Website evidence

In determining class certification, a district court must be certain of the reliability of the methods underlying the proof of any requirement. Further, in *Castano v. Am Tobacco Co.*, 84 F.3d. 734, 744 (5th C., 1996), the Fifth Circuit noted:

> A district court certainly may look past the pleadings to determine whether the requirements of **Rule 23** have been met. Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.

Although a rigorous analysis of the Rule 23 requirements differs from a trial on the merits, evidentiary offerings must be viewed through established safeguards. As such, the Court rules as follows:

**Dealer Technical Bulletins (DTBs)--**

MBUSA argues that DTBs are not admissible for the purpose of proving a redhibitory defect. Plaintiffs argue the DTBs are not being offered for that purpose, but instead for the purpose of showing commonality, typicality, and adequacy at the class certification stage. For purposes of class certification, the Court will not allow the plaintiffs to offer the DTBs as proof of a redhibitory defect, but the DTBs will be allowed as factual evidence that member vehicles containing an M272 engine were subject to the DTB and that the class representatives had their vehicles repaired subject to the DTB. Any other use of the DTBs will be determined by the Court upon motion of either party, with the purpose and supporting law clearly briefed.

**Testimony of Dan Delaney--**

The testimony of Mr. Delaney will be allowed, but limited to those issues on which he is qualified to testify. A blanket exclusion of his testimony would certainly be painting with too broad of a brush. However, Mr. Delaney's testimony will be subject to all applicable evidentiary rules and a proper foundation must be laid by the plaintiffs prior to its admittance.

**Emails--**

The motion to exclude the emails at issue is denied at this time as it is unclear from the writings whether this evidence will be offered in support of any Rule 23 factor. Should the emails bear on the issue of class certification, their admissibility and scope of use will be determined at the class certification hearing.

**Website Information--**

The Court agrees with the defendants that website information is not proper evidence and falls within the realm of hearsay. Consequently, the website information is stricken.

THUS DONE and SIGNED on this 25th day of February, 2015.

_____
Richard T. Haik, Sr., District Judge