UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARIE DUGAS and                       CIVIL ACTION NO. 6:12-CV-02885
KRYSTAL DORSEY

VERSUS                                JUDGE HAIK

MERCEDES-BENZ USA, LLC                MAGISTRATE JUDGE HANNA
ET AL.

## ORDER

Currently pending is the plaintiff's motion for attorneys' fees. (Rec. Doc. 132). After reviewing the arguments presented, the applicable law, and the supporting documentation, and for the reasons explained below, the motion is granted in part and denied in part.

### BACKGROUND

On August 5, 2014, the undersigned ruled on two motions to compel (Rec. Doc. 102 and 111) that were filed by the plaintiffs, Marie Dugas and Krystal Dorsey. (Rec. Doc. 123). In addition to granting the motions, the undersigned ordered defendant Mercedes-Benz USA, LLC ("MBUSA") to reimburse the plaintiffs for the reasonable attorneys' fees and costs incurred in bringing the motions and the reasonable attorneys' fees and costs to be incurred by the plaintiffs in attending the additional corporate deposition permitted by the order. (Rec. Doc. 123 at 16, 17).

The plaintiffs were ordered to file a motion for reimbursement of fees and costs with supporting affidavits, the defendant was afforded an opportunity to respond, and the motion was to be decided in due course without oral argument. (Rec. Doc. 123 at 16-17). The plaintiffs complied with the order, and filed an appropriate motion. (Rec. Doc. 132). MBUSA filed an opposition to the motion (Rec. Doc. 139) and also filed an appeal of the undersigned's ruling to the District Judge. (Rec. Doc. 138). The appeal was considered, and the undersigned's ruling was affirmed. (Rec. Doc. 167). Accordingly, the plaintiffs' motion for attorneys' fees and costs is now ready for resolution.

## ANALYSIS

The plaintiffs' counsel contends that he is entitled to be reimbursed the sum of $4,275.00 for his work on the motions to compel, calculated on the basis of 9.5 hours of work at the rate of $450 per hour. MBUSA argues that both the hourly rate and number of hours expended are unreasonable.

This Court's subject-matter jurisdiction over this action is derived from a federal statute, the Class Action Fairness Act, but the substantive issues presented in the lawsuit arise solely under Louisiana law, and Louisiana law will be applied in this case. The Fifth Circuit has held that when state law provides the rule of decision for the substantive issues in a case, state law also controls both the award of, and the

-2-

reasonableness of, attorney's fees.[1] Accordingly, when Louisiana law applies, the amount of an attorneys' fee award is governed by Rule 1.5 of the Rules of Professional Conduct[2] promulgated by the Louisiana State Bar Association.

Under Rule 1.5, the factors to be considered in determining the reasonableness of a fee include the following: (a) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent.[3] These factors are very similar to those used in the "lodestar" method recognized by the Fifth Circuit in

---

[1] See *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *Kona Technology Corp. v. Southern Pacific Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000); *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993).

[2] *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012), citing *State Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 & n. 9 (La.1992).

[3] Louisiana State Bar Articles of Incorporation, Article 16, Rules of Professional Conduct, Rule 1.5.

*Johnson v. Georgia Highway Express, Inc.*[4] In fact, the undersigned finds that, in this case, an evaluation under Rule 1.5 would yield the same result as would an evaluation under the lodestar method. Accordingly, the lodestar method will be employed.

Under the lodestar method, the determination of reasonable attorneys' fees involves a two-step procedure. Initially, the district court must determine the reasonable number of hours expended on the task at issue and the reasonable hourly rates for the participating lawyers. Then, the district court must multiply the reasonable hours by reasonable hourly rates. The product of this multiplication is the lodestar, which the court then either accepts or adjusts upward or downward, depending on the circumstances of the case, after assessing a dozen factors set forth in the *Johnson* case.[5] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of

---

[4] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

[5] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998); *Wegner v. Standard Insurance Company*, 129 F.3d 814, 822 (5th Cir. 1997); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). See, also, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.[6] Three of the *Johnson* factors – the complexity of the issues, the results obtained, and the preclusion of other employment – are fully reflected and subsumed in the lodestar amount.[7] The "Supreme Court has barred any use of the sixth factor," i.e., whether the fee is fixed or contingent.[8] Additionally, "the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel."[9]

Ultimately, however, a district court has discretion to fashion a reasonable attorneys' fee.[10] When determining a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and

---

[6] *Johnson v. Georgia Highway Express*, 488 F.2d at 717–19.

[7] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999), citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), and *Shipes v. Trinity Industries*, 987 F.2d 311, 319–22 & n. 9 (5th Cir. 1993), *cert. denied*, 510 U.S. 991 (1993).

[8] *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996), citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).

[9] *Migis v. Pearle Vision, Inc.*, 135 F.3d at 1047.

[10] *Hopwood v. State of Texas*, 236 F.3d 256, 277 & n.79 (5th Cir. 2000); *Hensley v. Eckerhart*, 461 U.S. at 436–37.

whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[11] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[12]

### REASONABLE HOURS EXPENDED

The burden of proving the reasonableness of the hours expended is on the party seeking to recover attorneys' fees.[13] In determining the number of hours billed for purposes of calculating the lodestar, the Court must determine whether the requested hours expended by counsel were reasonable in light of the facts of the case and the work performed.[14] A determination must also be made concerning whether the records submitted show that the movant's counsel exercised sound billing judgment by excluding unproductive, excessive, or redundant hours when seeking the fee

---

[11] *Associated Builders & Contractors of La., Inc.*, 919 F.2d 374, 379 (5th Cir. 1990), citing *Hensley v. Eckerhart*, 461 U.S. at 437-39.

[12] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir. 1986).

[13] *Mota v. University of Houston Health Science Center*, 261 F.3d 512, 528 (5th Cir. 2001).

[14] *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2008); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 768.

award.[15] Thus, all time billed for work that is excessive, duplicative, or inadequately documented should be excluded from consideration.[16]

In this case, the plaintiffs argue that their counsel should be reimbursed for 9.5 hours spent drafting, filing, and arguing the motions to compel. MBUSA argues, however, that this request is unreasonable because some of the time was excessive or unnecessary, the plaintiffs' counsel's time was inadequately documented, some of the time was actually clerical in nature, and full travel time should not be compensated.

After carefully evaluating the affidavit submitted by the plaintiffs' counsel, J.R. Whaley, concerning the time expended with regard to the motions to compel, the undersigned finds that MBUSA's arguments lack merit.

All of the time entries appear to have been necessary to the task at hand, and none can properly be classified as solely clerical in nature.

Although Local Rule 54.2 requires the submission of a contemporaneous time record in support of a fee request, the undersigned is mindful that not all attorneys maintain such records. Furthermore, Rule 54.2 permits the court to waive this requirement if good cause is shown. More importantly, "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long

---

[15] *Saizan v. Delta Concrete Products*, 448 F.3d at 799; *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 769.

[16] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

as the evidence produced is adequate to determine reasonable hours."[17] Here, the affidavit submitted by Mr. Whaley is sufficiently detailed to substitute for a contemporaneous record, and it is accepted by the undersigned as a suitable replacement therefor.

MBUSA argues that Mr. Whaley's travel time should be cut in half, citing a very broad statement from a case that actually lacks a valid foundation. There is no hard and fast rule that an attorney can be compensated for only half of his travel time. Additionally, as will be discussed in greater detail below, the hourly rate adopted by the undersigned in this case is not so high that a reduction in the attorney's time spent traveling rather than actually working on the case is mandated.

In summary, the undersigned finds that 9.5 hours is a reasonable amount of time for the plaintiffs' counsel to have spent working on the motions to compel.

### HOURLY RATES CLAIMED

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested.[18] MBUSA argues that the hourly rate requested by the plaintiffs' counsel is not within the prevailing

---

[17] *La. Power & Light Co. v. Kellstrom*, 50 F.3d at 325, citing *Heasley v. Commissioner*, 967 F.2d 116, 123 (5th Cir. 1992).

[18] *La. Power & Light Co. v. Kellstrom*, 50 F.3d at 328.

market rates of the Lafayette legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Therefore, the presumption does not apply in this case.

In determining the hourly rates for purposes of calculating the lodestar, a reasonable rate must be determined for each attorney at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.[19] The burden is on the party seeking to recover attorneys' fees to submit satisfactory evidence that the requested rate is aligned with those prevailing in the area where he practices.[20]

In this case, the plaintiffs' counsel, Mr. Whaley, has requested an hourly rate of $450.00, arguing that the rates charged by attorneys in other areas of the country in complex class action litigation or multidistrict litigation should be adopted in this case. Mr. Whaley acknowledged that the hourly rates charged to his clients range between $250.00 and $650 per hour.

---

[19] *Progressive Waste Solutions of LA, Inc. v. Lafayette City-Parish Consol. Gov't Hill*, No. 6:12-0851, 2014 WL 5796830, at *3 (W.D. La. Nov. 5, 2014), aff'd sub nom. *Progressive Waste Solutions of La, Inc. v. Lafayette Consol. Gov't*, No. 12-00851, 2015 WL 222392 (W.D. La. Jan. 14, 2015), citing *Hernandez v. United States Customs & Border Protection Agency*, No. 10-4602, 2012 WL 398328, at *14 (E.D. La. Feb. 7, 2012); *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[20] *Wheeler v. Mental Health & Mental Retardation Auth. of Harris County, Tex.*, 752 F.2d 1063, 1073 (5th Cir. 1985).

The undersigned is mindful that even for "extremely qualified and seasoned litigators" who might justify the rates cited by Mr. Whaley, such attorneys "customarily charge their highest rates only for trial work. Lower rates may, and indeed should, be charged for routine work requiring less extraordinary skill and experience."[21]  Because the fees requested pertain to work on a fairly routine discovery motion in a relatively uncomplicated lawsuit, the hourly rate suggested by Mr. Whaley is too high.  Based on the undersigned's knowledge of the prevailing market rates in this legal community, the undersigned's familiarity with the qualifications and expertise of plaintiffs' counsel and his law firm, and recent awards

---

[21] *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *8 (E.D. La. June 28, 2005).  See, also, *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

of reasonable attorneys' fees in this district,[22] the undersigned finds that a reasonable hourly rate for the work performed by Mr. Whaley is $275.00 per hour.

### THE LODESTAR

Multiplying $275 per hour by 9.5 hours, the lodestar is $2,612.50.

### ADJUSTMENT OF THE LODESTAR

There is a strong presumption that the lodestar figure is reasonable."[23] However, the second step in the evaluative process allows downward adjustments, or in rare cases, upward adjustments, to be made to the lodestar amount based upon consideration of the *Johnson* factors. Therefore, the undersigned must consider the *Johnson* factors. Although a court need not be "meticulously detailed" in its analysis,

---

[22] See, e.g., *Campbell v. Harold Miller, Jr. Trucking & Paving, LLC*, No. 6:13-2840, 2014 WL 6389567, at *2 (W.D. La. Nov. 13, 2014); *Rivas v. Beaucoup Crawfish of Eunice, Inc.*, No. 6:12-CV-02610, 2014 WL 5488390, at *6 (W.D. La. Oct. 29, 2014); *Cash v. Unocal Corp.*, No. 6:04-1648, 2014 WL 2980589, at *4 (W.D. La. May 27, 2014), *report and recommendation adopted*, No. 6:04-1648, 2014 WL 2980659 (W.D. La. June 30, 2014); *Kelso v. Butler*, No. 12-CV-2756, 2013 WL 3894439, at *3 (W.D. La. July 25, 2013); *Bertrand v. City of Lake Charles*, No. 2:10-CV-867, 2013 WL 1790089, at *2 (W.D. La. Feb. 25, 2013), *report and recommendation adopted*, No. 2:10-CV-0867, 2013 WL 1789713 (W.D. La. Apr. 26, 2013); *Leleux v. Assurance Co. of Am.*, No. 6:11-2157, 2012 WL 5818226, at *4 (W.D. La. Nov. 15, 2012); *A C Marine, Inc. v. Axxis Drilling, Inc.*, No. 10-0087, 2011 WL 1595438, at *3 (W.D. La. Apr. 25, 2011); *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, No. 6:09-CV-1735, 2011 WL 1595274, at *3 (W.D. La. Apr. 21, 2011); *Progressive Waste Solutions of LA, Inc. v. Lafayette*, 2014 WL at *4; *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. 6:10-0386, 2011 WL 5525999, at *4 (W.D. La. Oct. 18, 2011), report and recommendation adopted, No. 6:10-0386, 2011 WL 5546924 (W.D. La. Nov. 10, 2011).

[23] See, e.g., *Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

it must articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. Special consideration is to be given to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, no further adjustments should be made on that basis.[24]

A listing of the factors and analysis of each factor as it applies in this case follow.

(1)  Time and labor involved. The lodestar adequately compensates for the time and labor involved in preparing, filing, and arguing the subject motions to compel.

(2)  Novelty and difficulty of the questions. Although the motions to compel presented interesting issues not typical of most ordinary discovery-related motions, the issues presented were neither so novel nor so difficult that an adjustment to the lodestar is required.

---

[24] *Heidtman v. County of El Paso*, 171 F.3d at 1043; *Shipes v. Trinity Indus.*, 987 F.2d at 320.

(3) The skill required to perform the legal services properly. The hourly rate adequately compensates counsel for the level of skill required to competently handle this case and, in particular, the subject motions to compel.

(4) Preclusion of other employment. No evidence was offered to establish that his involvement in this case prevented Mr. Whaley from handling any other matters.

(5) Customary fee. The hourly rate found by the undersigned to be reasonable falls within the customary range of fees in this market and, as stated in Mr. Whaley's affidavit, it is within the range of fees he customarily charges his clients.

(6) Fixed or contingent fee. This factor does not justify adjustment of the lodestar.[25]

(7) Time limitations. No evidence was adduced on this point. Thus, the lodestar adequately compensates for this factor.

(8) The time involved and the results obtained. Because the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced with regard to this factor, it does not necessitate adjustment of the lodestar.[26]

---

[25] This factor can no longer be considered. *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d at 772, citing *City of Burlington v. Dague*, 505 U.S. at 567.

[26] *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d at 771.

(9)     The experience, reputation and ability of counsel.  This factor has also been limited greatly by the Supreme Court.[27]  The lodestar adequately compensates for this factor.

(10)    The undesirability of the case.  No evidence was adduced on this point.  Thus, the lodestar need not be adjusted on this basis.

(11)    The nature and length of the professional relationship with the client.  No evidence was adduced on this point.  Thus, the lodestar adequately compensates for this factor.

(12)    Awards in similar cases.  Such awards were reviewed and considered by the undersigned.

Because the lodestar is presumptively reasonable, it should be modified only in exceptional cases.[28]  The fee applicant bears the burden of establishing a necessary deviation from the lodestar.[29]  Finding that this is not an exceptional case and finding

---

[27]     *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 771, citing, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (" '[N]ovelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.") (quoting *Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).

[28]     *City of Burlington v. Dague*, 505 U.S. at 562.

[29]     *City of Burlington v. Dague*, 505 U.S. at 562.

that the plaintiffs have not demonstrated that a deviation from the lodestar is warranted, the undersigned finds that the lodestar requires no adjustment.

Therefore, for the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion for the recovery of attorneys' fees (Rec. Doc. 132) is GRANTED IN PART and DENIED IN PART. More specifically, the plaintiffs' motion to set fees is GRANTED, and the sum of $2,612.50 is awarded.

IT IS FURTHER ORDERED that, not later than fourteen days after the date of this ruling, the defendant shall pay to the plaintiffs, through the plaintiffs' counsel, the sum of $2,612.50.

Signed at Lafayette, Louisiana, on March 16, 2015.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE